## Gilbert v. Smith, Clerk, et al.

(Decided October 31, 1911.)

### Appeal from Warren Circuit Court.

Primary Elections—Call by Governing Authority.—The governing authority of a political party, having called a primary election providing in the call that if there was only one candidate, the primary should be called off, and he should be declared the nominee by the committee, the certificate of nomination thus given by the committee pursuant to the call is not void and entitles the persons so certified to have their names placed on the official ballot under the party emblem.

GRIDER & HARLIN, THOMAS & THOMAS, SIMS & RODES for appellant.

BRADBURN & BASHAM, RODES & WALLACE, W. W. MANSFIELD, MATT O'DOHERTY, CHARLES DRAKE for appellee.

OPINION BY CHIEF JUSTICE HOBSON—OVERRULING MOTION TO RE-INSTATE INJUNCTION.

The plaintiffs filed with the clerk of the Warren County Court on October 23, 1911, a petition in writing under section 1453, Kentucky Statutes, requesting the clerk to place their names upon the official ballots under the Democratic device as the candidates of the Democratic party for the Board of Common Council of the city of Bowling Green. The clerk declined to do so and they thereupon brought this suit against him to obtain a mandatory injunction requiring him to so place their names on the ballots. He filed an answer and on their motion, J. N. Russell and eleven others were allowed to defend the action, and their petition was taken as their answer.

The facts as to Russell and his associates are these: The Democratic Committee, regularly constituted, had a meeting on September 5, 1911, for the purpose of determining how nominations of Democratic candidates for the common council of the city should be made. It determined that the nominations should be made by a primary election which was then called, and in the call it was provided that if there were not exceeding four candidates for either of the three wards of the city, the Committee would meet on October 4, 1911, and declare such candidates the nominees of the party and the primary should be called off. Due notice of the primary was given; Russell and his eleven associates were the only announced candidates. The Committee met and declared them the nominees and issued to them certificates of nomination which they filed with the county clerk on October 17, 1911.

It is insisted for the paintiffs that under section 1453, Kentucky Statutes, the county clerk is authorized to have printed on the ballots "the names of the candidates nominated by the Convention or primary election" of any party entitled to have its candidates placed on the ballots; and that Russell and his associates were not nominated by a primary election or by a convention.

There were but twelve members of the council to be elected, four from each of the three wards of the city. (Kentucky Statutes, 3270.) The twelve men who received the certificates were the only candidates in the primary election.

To avoid the cost of holding a primary election when the candidates announced had no opposition, the Committee provided that in this event the primary should be

declared off and the persons so announced should be declared the nominees by the Committee. The governing authority of a political party has the power to determine how its nominations shall be made. A Committee would not have the authority to declare a primary off if the candidates announced had opposition or there were more than one candidate for the office, but when the candidate announced in the primary has no opposition, the Committee in that event may provide how the nominations shall be declared. In a case like that before us the Committee itself is under the call made by the governing authority of the party, the Convention for nominating the candidate. The word "convention" is not used in the Statute in any technical sense. If the members of the party are not satisfied with the action of the Committee, the matter must be fought out in the party. The Committee is the governing authority of the party, and a nomination made as provided by it cannot be assailed collaterally in a suit like this. The practice of calling off primaries and having the nominations certified by the Committee, has been usual with all political parties in the State since the adoption of the present mode of voting. It was said on the argument that the Committee might resolve itself into a convention, and certify the nominations as made by a convention, and that this would satisfy the Statute. But disguises are of no effect in law. The sum of the matter in such a case is that the Committee makes the nomination, and it would add nothing to its validity that it was made by the Committee styling itself a convention. The conclusion we have reached makes it unnecessary for us to notice the other questions raised.

Motion overruled.